UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CHAD RUNK, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:09 CV 43 |
| | ) |
| UNITED FIRE & CASUALTY CO., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Presently before this court is plaintiffs' motion to remand this case to the White County Circuit Court. (DE # 6; supplemented by DE # 14.) Defendant United Fire and Casualty Company has responded (DE # 16), and plaintiffs have replied. (DE # 17.) For the reasons explained below, plaintiffs' motion to remand will be denied.

**I. BACKGROUND**

Plaintiffs Chad and Melissa Runk, on behalf of themselves and as guardians and next friends to their children SWR and CR (collectively, "the Runks"), filed this declaratory judgment action against defendants United Fire and Casualty Company ("United Fire") and Travelers Property and Casualty of America ("Travelers") (collectively, "defendants") in White County Circuit Court on May 4, 2009. (DE # 1.) They did so even though, nearly four months earlier, they had pleaded substantially identical allegations in the form of a counter-claim in a case pending before the United States District Court for the Southern District of Indiana. The cases in both districts arise

from a 2007 automobile collision in which a semi-truck insured by the defendants rear-ended the Runks' vehicle.

The events leading to the current state of affairs, in which two nearly identical cases pend in different federal districts, are as follows. In February 2008, the Runks filed a suit for damages against Osprey Group, Inc. and its owner, Bruce Pembor, Jr., in White County Circuit Court. (DE # 14-2 at 1.) In December 2008, Osprey Group's insurer, United Fire, sought a declaration of non-liability from the United States District Court for the Southern District of Indiana, naming as defendants the Runks, Pembor, and Osprey Group. (*Id*.) In response, the Runks filed a counter-claim alleging that United Fire violated federal financial responsibility laws. (*Id*. at 1-2.)

Months later, the Runks urged the Southern District to remand United Fire's declaratory judgment action to state court. (DE # 14-2.) Before the Southern District ruled upon that motion, the Runks brought suit in state court seeking three separate declarations for coverage under insurance policies provided by the defendants.[1] (DE # 1 at 11-23.) The Runks admit that the action before this court raises the "the exact same issues" as their Southern District counter-claim. (DE # 6 at 2-3.) After the case was

---

[1] Specifically, in Count I of their complaint, the Runks allege that United Fire had a duty under federal regulations and Indiana law to carry a minimum of $1,000,000 in automobile coverage yet they only carried $500,000 in coverage. (DE # 1 at 11-12 (citing 49 C.F.R. § 387.9 (2002); IND. CODE § 8-2.1-24-1 *et seq*.).) As a result, the Runks request that this court enter a declaratory judgment regarding the amount of insurance required under the policy. (*Id*. at 12.) In Count II of their complaint, the Runks request that the court enter a declaratory judgment mandating coverage under the United Fire policy. (*Id*. at 12-18.) Finally, in Count III of their complaint, the Runks request a declaratory judgment mandating coverage under a policy issued by Travelers. (*Id*. at 19-23.)

removed pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction (DE # 2), becoming the present federal action, the Runks moved for a remand to state court. (DE # 6.) Thus, as of mid-June, the Runks had filed motions to remand in the actions pending in both the Northern and Southern Districts of Indiana.

On June 25, 2009, the Southern District denied the motion to remand in the action before that court, explaining that it was powerless to remand a claim that originated in federal court. (DE # 14-2.) Instead, the Southern District ordered a stay in the matter, apparently under the mistaken impression that there was a pending parallel state court proceeding. In fact, there had ceased to be a parallel state court proceeding twenty days earlier, when the present case was removed from the White County Circuit Court.

There are now two virtually identical claims pending before two federal courts. The Supreme Court long ago recognized that the Declaratory Judgment Act, "facilitating as it does the initiation of litigation by different parties to many-sided transactions," can cause duplicative cases pending before multiple courts. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). In order to conserve judicial resources and provide for comprehensive disposition of litigation, courts have an "ample degree of discretion" to resolve such situations. *Id*. The interests of justice favor the transfer of related litigation to a forum where consolidation is possible. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).

However, before this court determines whether a *sua sponte* transfer of the case to the Southern District is warranted, it must first ensure that it has jurisdiction over the

case, the issue raised by the Runks' motion to remand. Assuming that diversity jurisdiction exists, the next inquiry is whether this court will exercise its discretionary authority under the Declaratory Judgment Act, 28 U.S.C.A. § 2201.

## II. STANDARD OF REVIEW

Generally, the court should grant a motion for remand where there is a defect in the removal procedure. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a).

Where subject matter jurisdiction is premised upon diversity of citizenship under 28 U.S.C. § 1332, the party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating complete diversity at the time of removal. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Complete diversity exists when the adverse parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "In suits seeking the equitable remedies of an injunction or a declaratory judgment, the amount in controversy is determined by the value to the plaintiff (or petitioner) of the object of the litigation." *Am.'s MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004) (citing *Hunt v. Wa. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

4

With regard to cases brought under the Declaratory Judgment Act, the Act "is not an independent basis for subject matter jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-72 (1950). Accordingly, this court may only consider a request for relief under the Act if it has some independent basis for subject matter jurisdiction. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 935 (7th Cir. 2008). Even so, "district courts possess considerable leeway in deciding whether to entertain declaratory judgment actions even though subject matter jurisdiction is established." *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 714 (7th Cir. 2009) (citing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491 (1942)). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment . . . ." *Newell Operating Co. v. Int'l Union of United Auto., Aerospace, and Agric. Implement Workers of Am.*, 532 F. 3d 583, 590 (7th Cir. 2008) (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995)).

**III. ANALYSIS**

*A. Diversity of Citizenship and "Direct Actions" under 28 U.S.C. § 1332(c)(1)*

The Runks' most recent argument for remand–raised for the first time in their memorandum replying in support of their motion–asserts that removal was improper because diversity of citizenship does not exist. This is based on the fact that they are a third party who brought this action against two insurers, United Fire and Travelers. The insureds, Bruce Pembor and Osprey Group, Inc., are not joined as defendants. The

Runks argue that this makes this a "direct action" under 28 U.S.C. § 1332(c)(1),[2] meaning that United Fire and Travelers are deemed citizens of the state of which their insureds, Pembor and Osprey Group, Inc. are citizens – Indiana. Since the Runks are also citizens of Indiana, they argue that this destroys the existence of diversity jurisdiction.[3]

This argument raises two issues: (1) whether this suit constitutes a direct action within the meaning of § 1332(c)(1) so as to deem the insurers citizens of the state(s) of which their insureds are citizens, and, if so; (2) whether there is sufficient proof before this court that either Pembor or Osprey Group is a citizen of Indiana, therefore destroying diversity.

In 1989, the Supreme Court examined the legislative history of § 1332(c)(1)'s direct action provision, explaining:

> Congress added the proviso to § 1332(c) in 1964 in response to a sharp increase in the caseload of Federal District Courts in Louisiana resulting

---

[2] Specifically, § 1332(c)(1) states:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

[3] In contrast, United Fire contends that diversity jurisdiction exists because it is a citizen of Iowa and defendant Travelers is a citizen of Connecticut, while the Runks are citizens of Indiana, and the amount in controversy exceeds $75,000. (DE # 2.)

> largely from that State's adoption of a direct action statute. The Louisiana statute permitted an injured party to sue the tortfeasor's insurer directly without joining the tortfeasor as a defendant. . . . Believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly *against* a foreign insurance carrier without joining the local tort-feasor as a defendant."

*Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9-10 (1989) (quoting S. REP. NO. 1308, *reprinted in* 1964 U.S.C.C.A.N. 2784) (internal citations omitted).

At least one case, soon after § 1332(c)(1) was enacted, appeared to suggest that a state must have a statute, like Louisiana's, authorizing a direct action by a third party against an insurer for § 1332(c)(1) to apply. *White v. U.S. Fid. & Guar. Co.*, 356 F.2d 746, 748 (1st Cir. 1966) (district court correctly accepted contention that § 1332(c)(1) applies "only to cases brought by an alleged victim of a tort under a 'direct action' statute against the liability insurer of the alleged tort-feasor"). It was soon recognized elsewhere, however, that § 1332(c)(1) applies to actions which are, effectively, direct actions, whether or not the state has a statute authorizing them. *O.M. Greene Livestock Co. v. Azalea Meats, Inc.*, 516 F.2d 509 (5th Cir. 1975) (state had no direct action statute, but plaintiff converted the action into a direct action when it voluntarily dismissed the insured and proceeded only against the insurer). The Seventh Circuit has stated: "Section 1332(c)(1) creates a special rule for insurers in 'direct actions'–that is, cases in which a person with a claim against the insured sues the insurer directly." *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998). Thus, to the extent, if any, that there is

7

a difference of opinion as to whether a state statute must exist, *Indiana Gas* suggests that the latter view prevails in this circuit, and the substance of the action is what matters.

Indiana does not have a statute authorizing direct actions by third parties against insurers; moreover, its case law prohibits actions which are effectively such actions. *State Farm Mut. Auto. Ins. Co. v. Estep*, 873 N.E.2d 1021, 1026 (Ind. 2007); *see Rausch v. Reinhold*, 716 N.E.2d 993, 1002 (Ind. Ct. App. 1999); J. Richard Moore, *The Doomed Direct Action Rule*, 44 RES GESTAE 28 (2001) ("Indiana is among the states that has continued in recent years to follow the direct action rule – the rule that an action asserted directly by a third-party claimant against an alleged tortfeasor's insurer is not permissible."). That would seem to be dispositive, were it not for the fact that the alignment of the parties in the present case looks as if this is a direct action: the Runks are third parties suing the insurers of their alleged tortfeasor.

Nevertheless, appearances can be deceiving. Indiana recognizes "a limited exception '[w]here the plaintiff is not suing the insurance company to establish that its insured committed a tort against the plaintiff, but rather is suing to establish whether the insurer can deny coverage or whether the insurance policy remained in effect, such suit is not a direct action against an insurer.'"[4] *State Farm Mut. Auto. Ins. Co.*, 873 N.E.2d

---

[4] Indeed, even Louisiana, the first state to enact a direct action statute, recognized only three years after Congress added the direct action proviso to § 1332, that such declaratory judgment actions are not direct actions. *See Gov't Emp. Ins. Co. v. LeBleu*, 272 F. Supp. 421, 430 (E.D. La. 1967) ("a declaratory suit seeking simply a declaration of non-coverage under the policy, whether brought by the insurer, by the insured, or even by an injured party, is simply not a direct action within the meaning of the Louisiana

at 1026 n.10 (quoting *City of South Bend v. Century Indem. Co.*, 821 N.E.2d 5, 10 (Ind. Ct. App. 2005)). Because the Runks are seeking a declaratory judgment to establish whether the defendants can deny coverage to their insureds, the alleged tortfeasors, the present suit is not a direct action as is meant by § 1332(c)(1). As a result, diversity jurisdiction exists because the Runks are citizens of Indiana, while United Fire is a citizen of Iowa and Travelers is a citizen of Connecticut.

*B. Jurisdiction and the Declaratory Judgment Act*

The Runks also allege that this court should refrain from exercising its discretionary authority under the Declaratory Judgment Act, 28 U.S.C. § 2201, by remanding the case to state court. Specifically, the Runks argue that under *Brillhart*, 316 U.S. 491, and *Wilton*, 515 U.S. 277, this court has "discretion to determine whether and when to entertain an action under the Declaratory Judgment Act . . . even when the suit satisfies subject matter jurisdiction." (DE # 6 at 3.)

Curiously, while they are seeking a remand to state court, at one point in their motion to remand the Runks argue that "[c]onsiderations of practicality and wise judicial administration dictate that United Fire's removed action be stayed or dismissed and that White Circuit Court be allowed to govern this action." (*Id.* at 5.) Since there is

---

statute and 28 U.S.C.A. § 1332(c)").
    Similarly, the Runks' claim against United Fire for violating federal regulations and Indiana law (*see supra* n.1) is not a direct action since they are not seeking to impose liability on the defendant insurance company for the negligence of its insured, but rather for United Fire's own allegedly illegal conduct.

9

no parallel case pending in any state court, neither a stay nor a dismissal would achieve the end sought by the Runks. To the contrary, a dismissal of this claim would dismiss the Runks' own declaratory judgment action, and a stay would result in two parallel cases in the Northern and Southern Districts of Indiana, each on stay. This court will, instead, consider whether the Runks' other requested relief—remand to state court—is appropriate in this instance.

The Runks' main argument in support of remand is based on the Supreme Court's decisions in *Brillhart* and *Wilton*. Yet, those decisions are inapplicable here because both cases presuppose the existence of a parallel state proceeding.[5] Here, there is no parallel state court proceeding presenting the "same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. There is, instead, a parallel suit presently stayed in the United States District Court for the Southern District of Indiana, pending the outcome of what the Southern District thought was a parallel state court proceeding. However, as previously noted, 20 days before the Southern District entered its stay, the parallel state court proceeding was removed, becoming the

---

[5] In *Brillhart*, for instance, the court stated, " it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. Similarly, in *Wilton*, the Court explained its reasoning for granting certiorari was "to resolve Circuit conflicts concerning the standard governing a district court's decision to stay a declaratory judgment action in favor of parallel state litigation." *Wilton*, 515 U.S. at 281; *see also R.R. Street*, 569 F.3d at 715 ("There is no doubt that a court may dismiss or stay an action under the *Wilton/Brillhart* abstention doctrine where solely declaratory relief is sought.").

present case. Given the present scenario, the Supreme Court's decision in *Wilton* is of little guidance as the Court explicitly declined to "delineate the outer boundaries of [a district court's] discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings." *Wilton*, 515 U.S. at 290.

Similarly, the test developed by the Seventh Circuit in the wake of *Brillhart* and *Wilton* makes little sense where there is no parallel state court proceeding to which the court can compare the federal case. *See, e.g.*, *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996) (holding that district courts may consider: (1) whether the pending state court case is more comprehensive; (2) whether the case presents an issue of first impression under state law; and (3) whether the federal case has progressed far in litigation).

Notably, in *Wright v. Westport Insurance Corp.*, No. 01 C 50367, 2003 WL 22327064, at *1 (N.D. Ill. Oct. 10, 2003), the court notified the parties that it was *sua sponte* considering remanding the case pursuant to *Wilton* and *Nationwide Insurance Co. v. Zavalis*, 52 F.3d 689 (7th Cir. 1995). Though there was no parallel state court proceeding in *Wright*, the court held that remand was nonetheless appropriate, reasoning that the importance of a parallel state court proceeding was merely to ensure "the existence of an adequate, alternative forum." *Wright*, 2003 WL 22327064, at *2 (citing *Zevalis*, 52 F.3d at 692). Although *Wright* relied on *Zevalis* in support of this conclusion, *Zevalis*, in fact, contains no such statement. Instead, *Zevalis* states that one factor to consider "[w]hen a related state action is pending" is "whether comparable relief is available to the plaintiff

seeking a declaratory judgment in another forum or at another time." *Zevalis*, 52 F.3d at 692. Nothing in *Zevalis* indicates what action a court should take where no related state action is pending.

The decision of whether to issue a declaratory judgment falls squarely within the discretion afforded to this court under the Declaratory Judgment Act itself. 28 U.S.C. § 2201(a) (stating that a district court "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added). However, "[t]his circuit has never adhered to a rigid 'first to file' rule." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987). Instead, the Seventh Circuit has indicated that "district courts should decline to hear declaratory judgment actions that have been filed in an attempt to manipulate the judicial process." *N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998) (citing *Tempco,* 819 F.2d at 750). In *Tempco*, for example, the declaratory-judgment plaintiff filed its action the very day it was notified of the defendant's intention of bringing a patent infringement suit. The court subsequently cited *Tempco* as support for the proposition that "a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993).

In considering the Runks' motion to remand, it is helpful to keep in mind the time line of litigation leading up to this point. The Runks filed this declaratory judgment action four months after they had raised what they term "the exact same issues" (DE # 6 at 2-3) in their counterclaim against United Fire in the Southern District.

12

The Runks also filed two simultaneous motions to remand before the Northern and Southern Districts in an attempt to secure their preferred forum. Such actions cast doubt upon the concerns for "practicality and wise judicial administration" described in their motion to remand.

Moreover, the concerns for forum shopping outlined in *Tempco* are not present here. The Runks do not suggest that United Fire attempted to wrestle the choice of forum from them by preemptively filing suit in the Southern District. *See, e.g., Tempco.*, 819 F.2d at 749-50; *Amco Ins. Co. v. Richardson*, No. 1:05-cv-557-JDT-TAB, 2005 WL 4880627, at *3 (S.D. Ind. Sept. 1, 2005) (holding that plaintiff's filing suit in Indiana with knowledge of the imminent Kentucky suit demonstrated that the lawsuit was "a preemptive strike, selecting a forum different from that which plaintiff knew the natural plaintiff was going to choose").

Even if United Fire had done so, concerns about forum shopping are inapplicable to this case since there is no "natural plaintiff." *See Am. Cas. Co. of Reading, Pa. v. Filco*, No. 04 C 3782, 2004 WL 2674309 (N.D. Ill. Oct. 15, 2004) (citing *LaSalle Nat. Trust, N.A. v. Schaffner*, 818 F. Supp. 1161, 1166-67 (N.D. Ill. 1993)) (holding that an insured could not be deemed the "natural plaintiff" in a declaratory judgment suit because Illinois law also allowed insurance companies to bring declaratory judgment actions where there is a "real and immediate necessity" to address the duties owed under a policy). Indiana law holds that it is appropriate for an insurer (as well as an insured) to litigate contractual rights under an insurance policy in a declaratory judgment action. *Nat'l*

13

*Mut. Ins. Co. v. Sparks*, 647 N.E.2d 375, 377 (Ind. Ct. App. 1995). Since Indiana law allows insurers, insureds, and third parties to seek declaratory judgments regarding insurance coverage, there seems to be no "natural plaintiff" in such a suit. In the absence of any authority suggesting that a plaintiffs' choice of state court should be given more deference than a defendant's choice of federal court where there is no "natural plaintiff," there is no convincing reason to decline to exercise the discretion to entertain a declaratory judgment action.[6]

The Runks also urge this court to use its discretion to remand the declaratory judgment action because state law predominates in determining the outcome of the case. That may be. However, under *Sta-Rite*, this issue is only significant where the declaratory judgment presents a federal court with an issue of first impression under state law. The Runks have made no claim that such is the case here.

In short, the concerns enunciated about federal jurisdiction over declaratory judgment actions in *Sta-rite* and *Tempco* are not present here. Additionally, the lengthy amount of time it took the Runks to bring the instant cause of action, all while the Southern District case progressed forward, casts doubt upon their arguments regarding the need for "expedient and effective use of judicial resources." (DE # 6 at 7.)

---

[6] The Runks assert that defendants were attempting to forum-shop when they removed the present case from state court. (Runk's [sic] Supplement to Mot. to Remand, DE # 14, ¶ 5.) This assertion is baseless. The right to remove a case from state to federal court exists to eliminate the risk of plaintiffs engaging in forum shopping, *Hays v. Cave*, 446 F.3d 714, 714 (7th Cir. 2006); *see also Abbot Labs. v. Takeda Pharm. Ltd.*, 476 F.3d 421, 423 (7th Cir. 2007), a charge that might be leveled at the Runks' filing of the present suit.

14

The decision of whether to exercise jurisdiction in a declaratory judgment claim lies within the discretion of the district court. Here, for the reasons given, this court sees no reason to decline jurisdiction and remand the cause of action to the state court.

*C. Transfer to the Southern District*

Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). A district court has "an ample degree of discretion" in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).

This is generally done pursuant to 28 U.S.C.A. § 1404(a), which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The phrase "any district . . . where it might have been brought" has been interpreted to mean any federal court in which venue is proper. *Hoffman v. Blaski*, 363 U.S. 335 (1960). Accordingly, suits can be transferred to jurisdictions that satisfy 28 U.S.C. § 1391(a), including;

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

15

28 U.S.C.A. § 1391. Additionally, the Ninth Circuit has held that a venue in which a case could have been raised as a counterclaim is an acceptable venue under 28 U.S.C.A. § 1404(a) and counts as a forum in which the case "could have been brought" for the purposes of transferring venue. *See A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Ca.*, 503 F.2d 384 (9th Cir. 1974).

The Southern District of Indiana is an appropriate forum for this court to transfer this case because the Runks could and, in fact, did raise their claims against United Fire as a counterclaim. This is so, despite Travelers not being a party to the Southern District case, because the Runks could seek leave to amend their counterclaim to add Travelers as an additional party. *See Avante Intern. Tech., Inc. v. Hart Intercivic, Inc.*, Civil No. 08-832-GPM, 2009 WL 2431993, at *5 (S.D. Ill. July 31, 2009) ("Rule 13(a) contemplates that a compulsory counterclaim might contain issues not in the original action and might involve additional parties. Under Rule 13(a), all that is required to make a claim a 'compulsory counterclaim' is that the claim . . . arises out of the transaction or occurrence . . . that is the subject matter of the original claim.").

Under the broad authority afforded to district courts under 28 U.S.C.A. § 1404(a), this court can order transfer of venue *sua sponte*. *See Blake Constr. Co., Inc. v. Int'l Harvester Co.*, 521 F. Supp. 1268, 1272 (N.D. Ill. 1981). While the undersigned has found no Seventh Circuit case directly on point, it would appear sensible, before transferring venue pursuant to 28 U.S.C.A. § 1404(a), to give the parties notice and an opportunity to

be heard. *Cf. Peterson v. Sealed Air Corp.,* 902 F.2d 1232 (7th Cir. 1990) (in case involving *sua sponte* remand order, "the district court should have solicited the parties' submissions before acting, to avoid what has happened in this case–extended disputation, potentially leading to another change of forum."); *see also Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986); *Keppen v. Burlington N. R.R. Co.,* 749 F. Supp. 181, 183 (N.D. Ill. 1990).

## IV. CONCLUSION

For the foregoing reasons, this court **DENIES** the Runks' motion to remand (DE # 6; supplemented by DE # 14); **DENIES** as moot the Runks' motion for ruling on motion to remand (DE # 26); and **DENIES** as moot the Runks' motion for status conference on pending matters. (DE # 27.) The parties are **ORDERED** to file their objection or comment concerning the transfer of venue to the Southern District of Indiana no later than October 28, 2009.

**SO ORDERED.**

Date: October 7, 2009

                                           s/James T. Moody
                                           JUDGE JAMES T. MOODY
                                           UNITED STATES DISTRICT COURT